INTERNATIONAL HOD CARRIERS, ETC., UNION, LOCAL No. 146.

*vs.*

ANTONIO DiTUILLIO

Superior Court          Fairfield County          File No. 61414

MEMORANDUM FILED MAY 20, 1941.

*Smith & Devine,* of Norwalk, for the Plaintiff.

*Vogel & Sigsway,* of South Norwalk, for the Defendant.

INGLIS, J.  From April 1, 1928 to July 1, 1938, the defendant was the business agent of the plaintiff.  As such, it was a part of his duties to collect initiation fees, partial initiation fees and fines from members and prospective members of the union.

It was the practice for the defendant when making any collection to issue a receipt therefor and make a record of the collection on the receipt stub in the receipt book.  At the end of each quarter-yearly period, the defendant met with the trustees of the union, whose duties were those of auditors.  They checked over with him the amounts shown on the stubs to have been collected and determined the amount due to the union.

This amount the defendant then paid over to the financial secretary of the union.

In July of 1938, the defendant failed of reelection as business agent. On July 2, 1938, the trustees went over the defendant's accounts for the preceding quarter in the usual fashion and it was determined that $94.25 was due from the defendant to the union, and this amount the defendant paid to the financial secretary. At that time there was present one Vincenzo DeFalco, who was a vice president of the international union. He, in the presence of the officers of the union, asked the defendant whether he had anything coming from the union, to which the defendant replied in the negative. Then DeFalco asked the union officers whether they had anything coming from the defendant. To that the union officers replied in the negative. Thereupon, on DeFalco's suggestion, on the back of the receipt for $94.25 which the financial secretary had given to the defendant, the financial secretary wrote "Account settled to date with the Union." This was signed by Fred de Capua, secretary and by Carmine Famiglietti and Antonio Mouteleone, who were the trustees.

In May of 1939, some question arose as to whether some payments which had been made or were claimed to have been made by one Messino to the defendant as business agent had been turned over to the union and the defendant was requested to get his receipt stubs to check up on the matter. He, with a committee of the union, went to his home to get his stubs and there ascertained that all his stubs had been burned by his wife.

That aroused suspicions and one thing led to another until this action was instituted. It was stipulated at the trial that only the issues on the second count should be heard and determined at this time. Those issues involve the sole question as to whether the defendant should be now ordered to account.

As regards this count, the defendant has pleaded, first, that he has fully accounted, and second, that the cause of action is barred by the statute of limitations as to any matters occurring prior to November 20, 1934.

The plea of fully accounted is the equivalent of an allegation that the balance due on the account was ascertained and agreed upon by the parties, or, in other words, that there was an account stated or settled. 1 *Am. Jur. Accounts and Accounting*

§47.  The fact that the account between two parties has been stated or settled is a good defense in an action for an accounting unless it was entered into through fraud or mutual mistake or under other conditions which will avoid any sort of a contract.  1 *Am. Jur., supra*; 1 C.J. *Accounts and Accounting* §41.

Clearly, in this case, the transaction of July 2, 1938, constitutes a settlement of the account between the parties.  At that time both agreed as to the amount then due after an examination of the defendant's records and when that amount was paid they agreed that neither owed the other anything.

The plaintiff has not alleged that it was induced to enter into that settlement by any fraud on the part of the defendant nor because of mutual mistake.  If such ground of avoidance is going to be relied upon it must be alleged.  Not having been alleged, it cannot be considered in passing upon the issues on this count.  It follows that the plaintiff is not entitled to an accounting from the defendant.

It is not necessary to pass upon the defense of the statute of limitations as applicable to the second count.

The issues on the second count are found for the defendant.